UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE RIGA CITY COURT IN RIGA, LATVIA IN <u>MATTER OF LATVIAN TRADE UNION OF HEALTH AND SOCIAL CARE EMPLOYEES</u> | CASE NO. |

## GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782

The United States of America, by and through counsel, submits this Memorandum of Law in support of the Application for Order,[1] pursuant to 28 U.S.C. § 1782(a), to execute a Letter of Request from authorities in Riga, Republic of Latvia, for international judicial

---

[1] *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("It is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45[(d)](3)."). *See also In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas."); *In re Letter of Request from Supreme Ct. of Hong Kong*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991); *In re Application of Masters for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, 315 F. Supp. 3d 269, 272 (D.D.C. 2018); *In re Anglin*, No. 7:09cv5011, 2009 WL 4739481, at *1-2 (D. Neb. Dec. 4, 2009). Note, even though these applications are generally filed *ex parte*, they do not need to be filed under seal. *See, e.g.*, Order denying Motion to Seal U.S.'s Application for *Ex Parte* Order Appointing Commissioner Pursuant to 28 U.S.C. § 1782, *In re Mutual Assistance of Local Court of Wetzlar, Germany*, No. 1:17-mc-00078-SKO, 2018 WL 306678, at *3 (E.D. Cal. Jan. 5, 2018).

assistance to obtain documents from Domain by Proxy, LLC.

## INTRODUCTION

The request for international judicial assistance comes from the Riga City Court in Riga, Republic of Latvia ("the Latvian Court"). Specifically, the Latvian Court has issued a Letter of Request requesting judicial assistance to obtain documents for use in the case captioned: *Matter of Latvian Trade Union of Health and Social Care Employees,* DJ Reference Number 189-154-23-1. *See* Declaration of Assistant United States Attorney Neil Singh, Ex. 1 (Letter of Request dated March 27, 2023 and received by the United States on April 18, 2023).

The facts of this case, as stated in the Letter of Request, indicate that this is a civil proceeding in which the Latvian Court is adjudicating a preliminary collection of evidence claim by the Latvian Trade Union of Health and Social Care Employees ("the Latvian Plaintiff"), as authorized and conveyed by the Riga City Court, against Domain by Proxy, LLC, to identify the person who has allegedly violated the Latvian Plaintiff's personal rights under Latvian law. According to the Latvian Court, a website with the URL of https://www.covidgudrie.com "has published false facts about Valdis Keris, the head of [the Latvian Plaintiff]." Singh Declaration, Ex. 2, pp. 6 of 19. The website "does not contain information on who the electronic communications service provider is, nor does it provide details to identify the person who published the false, defamatory or disparaging information." *Id.* The Latvian Court thus requests this Court to order Domain by Proxy, LLC, to produce documentary evidence that makes it possible to identify the person who created the website www.covidgudrie.com. *Id.* at 6-7 of 19.

The Latvian Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance, Washington, D.C., pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 [hereinafter HCCH 1970 Evidence Convention].  The request was then transmitted to the U.S. Attorney's Office for the District of Arizona for execution in accordance with 28 C.F.R. § 0.49(c).  In order to execute these requests for international judicial assistance, authority must be obtained from this Court.  28 U.S.C. § 1782.

## ARGUMENT

### I.   THE HCCH 1970 EVIDENCE CONVENTION

The HCCH 1970 Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." HCCH 1970 Evidence Convention pmbl.  The HCCH 1970 Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). The HCCH 1970 Evidence Convention is in force in both the United States and Latvia.  Hague Conference on Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited July 3,

2023). The HCCH 1970 Evidence Convention entered into force in Latvia on May 27, 1995.

Article 10 of the HCCH 1970 Evidence Convention provides that:

In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

HCCH 1970 Evidence Convention, art. 10.  Furthermore, Article 9 of the HCCH 1970 Evidence Convention provides, in pertinent part, that: "the judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed, and that a 'Letter of Request shall be executed expeditiously.'"  *Id*. at art. 9.

Under Article VI of the United States Constitution, treaties, such as the HCCH 1970 Evidence Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts. See *Bell v. Clark*, 437 F.2d 200, 203 (4th Cir. 1971); *Gandara v. Bennett*, 528 F.3d 823, 830 (11th Cir. 2008) (stating that self-executing treaties are "immediately and directly binding on state and federal courts pursuant to the Supremacy Clause") (Rodgers, J., concurring) (quoting *Medellin v. Texas*, 552 U.S. 491, 510 (2008)); *Bishop v. Reno*, 210 F.3d 1295, 1299 (11th Cir. 2000) (concluding that "an Act of Congress" is on "full parity with a treaty") (quoting *Reid v. Covert*, 354 U.S. 1, 18 (2000)). Further, "[i]t is well settled that the Executive Branch's interpretation of a treaty 'is entitled to great weight.'"  *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 569 (9th Cir. 2011) (quoting *Abbott v. Abbott*, 560 U.S. 1, 1993 (2010) and *Sumitomo Shoji Am., Inc. v. Avagliano*, 457 U.S. 176, 185 (1982)).

## II.     STATUTORY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

The authority for this Court to assist foreign tribunals in obtaining documents is contained in 28 U.S.C. § 1782. This section states:

> <u>Assistance to foreign and international tribunals and to litigants before such tribunals</u>
>
> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.  By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement.  The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a); *see also Aérospatiale*, 482 U.S. at 529 (providing a brief history of the HCCH 1970 Evidence Convention).  Section 1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).  By this law, Congress intended that the United States set an example

to other nations by making judicial assistance generously available. *See, e.g., In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988) (discussing several historical instances in which Congress has broadened § 1782, each time increasing the statute's ability to provide international judicial assistance), *abrogated on other grounds by Intel Corp.*, 542 U.S. 241.

District courts have repeatedly appointed Department of Justice Attorneys to act as commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts in response to a request for assistance. *See, e.g., In re Clerici,* 481 F.3d 1324, 1327 (11th Cir. 2007) (affirming a district court's appointment of an Assistant United States Attorney to obtain sworn answers to questions posed in letters rogatory); *In re Request for Jud. Assistance From Seoul Cent. Dist. Ct. in Seoul, Republic of S. Korea*, No. 23-MC-80016-BLF, 2023 WL 2394545, at *5 (N.D. Cal. Mar. 7, 2023); *In re Request for Judicial Assistance From the Nat'l Court of Original Jurisdiction No. 68 in Buenos Aires, Argentina*, No. 3:19-MC-31-J-39MCR, 2019 WL 5528394 (M.D. Fla. Oct. 25, 2019) (appointing Department of Justice Attorney commissioner to obtain evidence from Merrill Lynch).

This Court is authorized to provide assistance to the Latvian Court if the three requirements set forth in § 1782 are met. Those requirements are: (1) the person or document for which discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." *In re Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery,* 146

F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004). *See also S.* Rep. No. 88-1580 at 2 (1964), *reprinted in* 1964 U.S.C.C.A.N. 3783 (providing Congress' general statement regarding the purpose behind the statute); *Intel*, 542 U.S. at 248-49 (providing a brief history of Section 1782 and federal court aid to foreign tribunals).

Here, each of these threshold statutory requirements is met. First, Domain by Proxy, LLC, "resides or is found in" the District of Arizona because the company does business in Arizona and has a registered statutory agent in Phoenix, Arizona. *See* Singh Declaration, Ex. 4. Second, the Letter of Request explains that the documents are "for use in a proceeding before a foreign tribunal" as such documents are needed to collect relevant data to identify the person who has allegedly violated the Latvian Plaintiff's personal rights. Singh Declaration, Ex. 2. Third, the Letter of Request itself also reflects that it "is made by a foreign or international tribunal." *Id*.

### III. DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

"[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264. Indeed, § 1782 "affords the district courts 'wide discretion' in responding to requests for assistance in proceedings before foreign tribunals." *Al Fayed v. United States*, 210 F.3d 421, 424 (4th Cir. 2000) (quoting *In re Esses*, 101 F.3d 873, 876 (2d. Cir. 1996)). The Supreme Court set forth certain discretionary factors for a district court to consider before granting a request for judicial assistance:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign entity to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the requested information is unduly intrusive or burdensome.

*Intel*, 542 U.S. at 264-65. "In exercising its discretion under § 1782, the district court should be guided by the statute's 'twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Al Fayed*, 210 F.3d at 424 (quoting *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992)); *see also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here again, each of these discretionary factors weigh in favor of assisting the Latvian Court.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech,* 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) [hereinafter *In re Svitavy*]; *see also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). Domain by Proxy, LLC, is a

nonparticipant to the Latvian proceedings and is not subject to the Latvian Court's jurisdiction because it is located in the United States; thus, the first factor weighs in favor of granting the motion.

Second, there is nothing in the Letter of Request to suggest that this Court should decline to grant the Application based on the nature of the Latvian Court or the character of the proceedings. Additionally, this request was conveyed to the United States in part by the Latvian Court and Latvian Ministry of Justice, and not by an independent party. Therefore, the Latvian Court is clearly receptive to the assistance of this Court and the second factor weighs in favor of granting the motion. *See In re Svitavy*, 748 F. Supp. 2d at 527 (discussing a specific application of the second *Intel* factor).

With respect to the third factor, because the requester is the Latvian Court with the further authorization of the Latvian Ministry of Justice, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Latvian discovery rules or to thwart policies of Latvia. *See In re Svitavy*, 748 F. Supp. 2d at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). Nor does the Latvian Court's request implicate any policies of the United States that the United States is currently aware of. This Court need not "engage in comparative analysis to determine whether analogous proceedings" might exist in the United States that are the equivalent of the Latvian proceeding. *Intel*, 542 U.S. at 263. Therefore, the third *Intel* factor weighs in favor of granting the Latvian Court's request for judicial assistance.

With respect to the fourth factor, the request seeks Domain by Proxy, LLC, to issue in written form information that makes it possible to identify the person or persons who created the website www.covidgudrie.com, including such person's full legal name, address, personal identifying information, and if a corporate entity, then information sufficient to identify the entity. Such information, which does not include the contents of any communications, is a valid target of a subpoena under the Stored Communications Act, 18 U.S.C. §§ 2701-2712 ("SCA"). *See Bodyguard Prod., Inc. v. Doe 1*, No. CV-18-00276-JAO-RLP, 2018 WL 8489600, at *2 (D. Haw. Nov. 19, 2018) (denying motion to quash subpoenas served on Domain by Proxy, LLC and Godaddy.com because subpoenas sought no contents of communications). The SCA authorizes government entities to obtain such non-content information through subpoenas. 18 U.S.C. § 2703(c)(2); *see also Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1180 (9th Cir. 2013) ("Under § 2703(c)(2), the government can obtain basic subscriber information… with a mere subpoena."). As such, the fourth *Intel* factor also weighs in favor of granting the Latvian Court's request for judicial assistance. *See also In re Clerici,* 481 F.3d at 1335 (holding that it was the witness's burden to file a motion to limit discovery and, as he had not done so, the Court was not going to address the scope of the request).

In summary, consideration of the four discretionary factors set forth by the Supreme Court in *Intel* favors authorizing judicial assistance to the Latvian Court.

## CONCLUSION

Attached to the Declaration of Assistant United States Attorney Neil Singh is the proposed subpoena that this office intends to serve (in substantially similar format) on

Domain by Proxy, LLC, should the Court grant the Application pursuant to 28 U.S.C. § 1782. Upon receipt, the documents will be sent to the Department of Justice, Civil Division, Office of International Judicial Assistance for transmission to the Latvian Court.

WHEREFORE, the United States respectfully requests that the Court issue an Order, in the form attached to the Application, appointing Assistant United States Attorney Neil Singh Commissioner for the purpose of issuing a subpoena to execute the request for international judicial assistance.

Respectfully submitted,

Gary Restaino
United States Attorney
District of Arizona


By: _____
    NEIL SINGH